UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
          Plaintiff,

                                      Case No. 4:23-cr-20652
-vs-                                   Hon. F. Kay Behm

NICHOLAS DUNN
          Defendant
_____

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Nicholas Dunn, submits this sentencing memorandum in support of his sentencing which is scheduled for Tuesday, August 6, 2022, at 11:00 a.m., before the Hon. F. Kay Behm.  As a result of his guilty plea to Counts 1 and 4 of the Indictment, Sexual Exploitation of a Minor, 18 USC 2251(a) and 2251(e), Nicholas Dunn faces a mandatory minimum sentence of 180 months' imprisonment on each count, in which the Court has the discretion to run the sentences of imprisonment concurrently or consecutively.  Under F.R.Crim.P. 11(c)(1)(C), the parties agree that a total sentence of at least 300 months, but not more than 720 months is the appropriate disposition of this case.  The parties further agree that the Court may order the sentences on Counts 1 and 4 to be served consecutively, in whole or in part, in order to achieve the agreed-upon sentence.

This plea agreement also reflects a greater global plea agreement with the Genesee County Prosecutor's Office "GCPO" that if this Court imposes a sentence of at least 300 months, the "GCOP" will dismiss all charges against the Defendant in Case No. 23TB2127-FY, currently pending in the Genesee County Circuit Court.  For the reasons set forth below in this Memorandum, Nicholas Dunn respectfully requests that this Court impose a sentence of 300 months which is the appropriate disposition of this case.

### Relevant 3553(a) Factors

18 USC 3553(a) requires this Honorable Court to "impose a sentence sufficient, but not greater that necessary to comply with the purposes set forth in paragraph 2.  Section 3553(a)(2) states that such purposes are:

- (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense.
- (B) to afford adequate deterrence to criminal conduct;
- (C) to protect the public from further crimes of the defendant; and
- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and character of the defendant; (3) the types of sentences available; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records

who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

### a. Nature and Circumstances of the Offense.

Nicholas Dunn pled guilty in the Indictment to two counts of Sexual Exploitation of a Minor, 18 USC 2251(a) and 2251(e). Nickolas Dunn took full responsibility for his conduct, recognizing the seriousness of the offenses that he committed, and the danger that his actions posed to both to these victims and the entire community. The 300 month term of imprisonment contemplated by the parties in the plea agreement and in the larger global agreement with the Genesee County Prosecutor's Office, followed by a lengthy period of supervised release and lifetime reporting under SORA, will protect the public, and is sufficient but not greater than necessary to accomplish the purposes of Section 3553(a).

Nicholas Dunn does not dispute the wrongfulness of his conduct, and recognizes that he must face the severe consequences for his reprehensible conduct. The defendant understands that the sentence needs to reflect the seriousness of the offense, but contends that the imposition of a term of incarceration of 300 months, followed by a substantial term of supervised release, adequately addresses these concerns. The defendant will be subjected to close supervision and continued monitoring after his release

from custody. The concerns addressed by §3553(a)(2)(A) can be met by a term of incarceration of 300 months.

### History and Characteristics of the Defendant

Nicholas Dunn is a 42 year old, single father of three children, who lost his parental rights after his arrest. Nicholas was born in Saginaw, Michigan and raised by his parents, Kevin and Debra Dunn, in Flint, Michigan. Nicholas described a normal upbringing with both parents working and providing him with the basic needs and family travel. Nick has experienced intermittent periods of depression during the past 10 years that caused feelings of low self-esteem, isolation, loneliness and hopelessness. With the onset of depression Nicholas became introverted and relied on online gaming and social websites to escape the isolation, loneliness and boredom that caused him to make poor choices in the company he kept, including befriending his co-defendants, Preston Creed-Boehm and Joshua Hippensteel. Throughout this ordeal, Nicholas continues to maintain the unwavering and unconditional love and support of his family as evidenced by the letters from family who describe him as:

> "Nicholas Alan Dunn was an excellent student throughout his entire school years, receiving praises from various teachers for his high accomplishments in his academic career. Nicholas is an avid reader of various books and novels and is a whiz kid at building computers from scratch. He is very wise in the Technology field."
> -**Debra Dunn**, Nick's mother

"Nicholas Alan Dunn and I had a wonderful relationship in his growing years. We went fishing and took trips up north visiting other relatives, worked on vehicles together, showing him the ins and outs of mechanical skills.  He is excellent at building computers, a skill that I taught him."

-**Kevin Dunn**, Nick's father

"As a kid my parents moved me to Florida and he [Nicholas] purchased my plane ticket to Michigan so I could spend the summer with my best friend and her family.  As an adult he has offered to loan me money to buy a house that was up for auction.  He came to my house and fixed multiple things that I had no idea how to fix.  There are many times I can think of when Nick was willing to help me without asking for anything in return."                                                 - **KalaMae Dunn**, Nick's sister

"When I was in middle school he [Nick] had came and lived with us in Florida for some time, he is older than I am by a few years, and I learned how smart he was he understood things that most people would not comprehend when it came to computers and coding, he was a genius. He was very misunderstood because of it, his life revolved around gaming and learning this coding he would do.  It was fascinating, he was a loner then he kept to himself."

-**Kimberly Gardner-Tolbert**, Nick's cousin

" Nicholas Alan Dunn is a gifted and intelligent person.  I have always believed that my brother could have risen to the top of anything he chose to put his mind to.  Nick was always available to help me anytime I need knowledgeable assistance; Nick helped me build this very computer I am writing this on, from a pile of pieces I had purchased from [A]mazon over the phone 1500 miles away.

-**Matthew Dunn**, Nick's brother

See Support Letters, attached.

For the reasons stated above, a term of 300 months imprisonment

contemplated as a minimum sentence by the parties is "sufficient but not

greater than necessary" to accomplish the purposes of sentencing under 18 U.S.C. §3553(a)

### Need To Reflect the Seriousness of the Offense, Promote Respect for the Law, and to Provide Just Punishment for the Offense.

A defendant's sentence must reflect the seriousness of the offense, promote respect for the law and promote just punishment, and must provide a significant term of incarceration "sufficient but not greater than necessary" to accomplish the purposes of sentencing under 18 U.S.C. §3553(a). A term of 300 months imprisonment, followed by a lengthy period of supervised release for 5 years and lifetime registration under SORA after his release from custody will protect the public from further crimes of the defendant. This sentence provides sufficient punishment and reflects the seriousness of the offense and is "sufficient but not greater than necessary" to accomplish the purposes of sentencing under 18 U.S.C. §3553(a).

### The Need to Afford Adequate Deterrence and to Protect the Public.

Nicholas Dunn's criminal history is limited to one misdemeanor conviction for Failure to Stop at the Scene of a Personal Injury Accident for which he received a probationary sentence. Nicholas has never served a custodial sentence. Adequate deterrence for Nicholas Dunn and others similar offenders can be achieved through the term of 300 months

imprisonment contemplated in the plea agreement, participation in the BOP's Sex Offender Treatment Program, followed by a mandatory period of supervised release, community-based counseling and sex offender registration after his release from custody.  Although Nicholas's prospects for rehabilitation may be guarded, he does not display the callousness, remorselessness or lack of empathy characteristic with psychopathy. Assuming there is some true correlation between punishment and deterrence, a custodial sentence of a term of 300 months imprisonment is sufficient but not greater than necessary to meet the required goals of sentencing.

### The Need to Provide Education and Treatment

As noted in the presentence report, Nicholas suffers from some physical health concerns including diabetes and hypertension, but more concerning is the depression that he has suffered from for the past 10 years that provide a window into his mood swings and poor judgment over the past several years.  Nicholas could benefit from the sex offender treatment program "SOTP" available to him while in BOP custody.  The Bureau of Prisons Sex Offender Treatment Program "SOTP" is offered at ten BOP Correctional Institutions throughout the United States.  The "SOTP" program offers sex offender treatment to offenders with a history of sexual offending and who volunteer for treatment, such as Nicholas Dunn, serving a

sentence for sexual exploitation of minors. The residential treatment involves high intensity programing for a period of 12 to 18 months. The participants benefit from a therapeutic community in a residential housing unit where they work to reduce their risk of future offenses and to reduce the risk of future offending before re-entry into the community.

There are also a number of positive indicators for successful rehabilitation and a low risk of recidivism in the future. Nicholas has articulated well defined goals and aspirations that are realistic and achievable, as well as a great desire to make the changes necessary for reentry into the community. The Court's imposition of a term of imprisonment of 300 months would achieve that goal.

### The Sentence Needs to avoid Unwarranted Sentencing Disparities.

Among the goals of the sentencing guidelines is the desire to reduce disparity, assure certainty of punishment and increase the rationality of punishment among similar defendants. The fact that Nicholas is the first co-defendant in this Indictment to be adjudged is not by coincidence, but because he was the first to acknowledge his wrongdoing, take responsibility for his conduct and enter a guilty plea. Therefore, the Court has provided with statistical data from the U.S. Sentencing Commission's JSIN database that nationwide there were 824 defendants whose primary guideline was

§2G2.1, with an Offense Level of 43 and Criminal History Category of I. The average length of sentence imposed for those 824 defendants (100%) in the cell was 348 months and medium sentence imposed was 360 months. The imposition of a 300 month term of imprisonment as provided for in the Rule 11 Agreement is reflective of the defendant's conduct and would avoid additional disparity among those who had a similar level of culpability, and would satisfy this factor.

## CONCLUSION

Although Nicholas Dunn's sentence must reflect the seriousness of his offense, promote respect for the law, and provide just punishment, this Court also has the discretion to determine an appropriate sentence for the defendant, after considering the sentencing guideline range and other §3553 factors. A sentence of 300 months imprisonment contemplated by this plea agreement is sufficient but not greater than necessary to accomplish the purposes of sentencing under 18 U.S.C. §3553(a).

                                                   Respectfully submitted,

                                                   /s/Henry M. Scharg (P-28804)
                                                   Attorney for Defendant
                                                   30445 Northwestern Hwy., Ste 225
                                                   Farmington Hills, MI 48334
                                                   (Phone) 248- 596-1111
                                                   E-mail: hmsattyatlaw@aol.com

Dated: July 30, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
                Plaintiff,

                                            Case No. 4:23-cr-20652
    -vs-                                  Hon. F. Kay Behm

NICHOLAS DUNN
                Defendant.
_____

CERTIFICATE OF SERVICE

    I hereby certify that on July 30, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                                            Respectfully Submitted:

                                            /s/ Henry M. Scharg (P28804)
                                            Attorney for Defendant
                                            30445 Northwestern Hwy.
                                            Suite 225
                                            Farmington Hills, MI 48334
                                            Phone: (248) 596-1111
                                            E-mail: hmsattyatlaw@aol.com