UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    v.

D-1 NICHOLAS DUNN,

    Defendant.

Case No. 23-cr-20652

Hon. F. Kay Behm
U.S. District Judge

## UNITED STATES' SENTENCING MEMORANDUM

Over the course of multiple years, Nicholas Dunn repeatedly sexually abused five minors, who were as young as 6 years old when the abuse began. He groomed his victims to normalize this sexual abuse. He took photographs and video showing the abuse of MV-1 and shared these images with other people. And he enlisted others to join him in abusing minors to whom he had access. Dunn's young victims will struggle to overcome the deep trauma and betrayal from this extensive sexual abuse for the rest of their lives. For the reasons stated in this memorandum, the United States requests that the Court sentence Dunn to a guidelines sentence of 720 months' imprisonment.

**I.     Factual Background**

On December 11, 2022, an HSI special agent was online in an undercover capacity when the agent saw Preston Creed-Boehm (D-2) post an image of child

pornography. During a subsequent chat with Creed-Boehm, Creed-Boehm described how he sexually abused MV-1, who was approximately 10 years old at the time of the abuse, and MV-2, who was between the ages of approximately 1.5 and 5 years old at the time of the abuse. Creed-Boehm also sent the agent a link to an online location that contained numerous videos and images of child pornography involving infants and toddlers.

     Law enforcement identified Creed-Boehm, and on December 15, 2022, they executed search warrants for Creed-Boehm and arrested him. On two of Creed-Boehm's phones, agents found substantial quantities of child pornography, including images of MV-1 and MV-2. One of the images of MV-1 showed MV-1 naked and holding a rainbow-colored sex toy posed near MV-1's genital region. Creed-Boehm told law enforcement that Nicholas Dunn had taken this photograph of MV-1, and that Dunn had shared it with Creed-Boehm because Dunn thought Creed-Boehm would be interested to have it. Agents subsequently found that Creed-Boehm had further distributed this child pornography image of MV-1 to multiple other people online.

     Law enforcement located the residence of Dunn and Joshua Hippensteel (D-3) and executed a search warrant there on December 20, 2022. On Hippensteel's phone, agents found a video that showed MV-1 naked on a bed, while Dunn, who was naked from the waist down, appeared to record MV-1 with his cell phone.

Dunn's penis was visible, and he appeared to manipulate it with his hand during the video.

MV-1 and Hippensteel were interviewed during the investigation. Regarding the image of MV-1 and the rainbow-colored sex toy, they explained that they had been playing a card game and truth-or-dare with Dunn. Dunn had MV-1 remove an item of clothing every time she drew a card. After MV-1 was naked, Dunn told Hippensteel to get the sex toy and instructed MV-1 on how to position it. Dunn then told Hippensteel to take the photograph, and he sent a copy to Creed-Boehm. Dunn's extended sexual abuse of MV-1, including grooming, sexual acts, and the production of additional child pornography using MV-1, including a video of MV-1 performing oral sex on Dunn, is further described in Exhibit A.

During the course of the investigation, Dunn's lengthy history of grooming and sexual abuse of MV-3, MV-4, AV-1, and another minor, came to light. Dunn began abusing the children when they were as young as approximately 6 years old, and he engaged in repeated abuse of each child. (*See* Exhibit A).

Finally, witnesses disclosed that Dunn had possessed and viewed substantial quantities of child pornography that he obtained over the internet.

## II.    Procedural Background

A complaint was issued against Dunn on December 22, 2022. (Case No. 22-mj-30540, ECF No. 1). Dunn had his initial appearance on January 10, 2023, and

consented to detention. An indictment was subsequently issued, charging Dunn with three counts of sexual exploitation or attempted sexual exploitation of a minor. (ECF No. 31).

On April 30, 2024, Dunn entered guilty pleas, pursuant to a Rule 11 plea agreement, to two counts of sexual exploitation of MV-1. (ECF No. 54). Under Rule 11(c)(1)(C), Dunn agreed that his total sentence would be at least 300 months but not more than 720 months. (*Id.*, PageID.426). Dunn also agreed that MV-1, MV-3, and MV-4 were victims of his conduct, and he agreed to pay restitution to them. (*Id.*, PageID.428).

### III. The Court Should Sentence Dunn to 720 Months' Imprisonment

Congress provided in 18 U.S.C. § 3553(a) the relevant objectives and factors to be considered by sentencing courts. Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution.

The most relevant factors to Dunn's case are discussed below. An analysis of these factors dictates a 720-month guideline sentence of imprisonment. Such a sentence would be "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

### A.   Sentencing Guidelines Range

The Probation Department calculated Dunn's guideline range as life, based on an offense level 43 and criminal history category I, which is limited by the statutory maximum to 720 months. (ECF No. 71, PageID.724).

### B.   Nature And Circumstances of the Offense, Seriousness of the Offense, and History and Characteristics of the Offender

Dunn committed one of the most serious and offensive crimes acknowledged by the law. He repeatedly touched and sexually assaulted a 10-year-old child and produced images of this abuse, which he shared with others. He worked hard to groom MV-1, encouraging her to be naked around him, incorporating his criminal behavior into games, and attempting to normalize all of this in her mind. He then made her engage in sex acts with him, including masturbation, oral sex, and penetrative sex. He had a position of trust which allowed him to gain access to MV-1, and he utterly betrayed that trust.

With regard to Dunn's history and characteristics, his conduct with MV-1 was sadly not an isolated occurrence. Over the course of several years, he also

groomed and sexually assaulted multiple other minor victims, who were as young as 6 years old when Dunn began abusing them. Dunn then compounded that harm by inciting one of his victims to start abusing another minor victim and to record that abuse.

Dunn's sexual abuse left his victims deeply traumatized. These children must daily confront and deal with the effects of Dunn's criminal actions on them and their families, and they will likely continue to suffer the aftermaths for decades to come. Nothing can give these victims back their childhoods, or restore their lives to what they would have been if they had never encountered Dunn.

These sentencing factors weigh in favor of a 720-month sentence.

### C. Promoting Respect for the Law, Deterrence, Just Punishment, and Protection of the Public

The sexual exploitation of children merits the heavy penalties prescribed by the law and the federal sentencing guidelines. Children are among the most vulnerable members of our community, and the least able to protect themselves. In this case, Dunn repeatedly victimized MV-1 and multiple other children, in conduct that spanned over years. His history demonstrates the strength and enduring nature of his sexual interest in children, and his ability to convince them to engage in sex acts with him. It also shows the high likelihood that Dunn would have continued to engage in the sexual exploitation of children, if he had not been discovered by agents and arrested. A 720-month sentence in this case is necessary

to promote respect for the law, deter other individuals from committing such offenses, and provide just punishment for Dunn's actions. It is also required in order to protect the public from further offenses by Dunn against children.

## IV. Conclusion

For the reasons stated above, the government asks the Court to accept the parties' Rule 11 plea agreement and to impose a sentence of 720 months' imprisonment.

Respectfully Submitted,

DAWN N. ISON
United States Attorney

*s/Ann Nee*
ANN NEE
Assistant United States Attorney
211 W. Fort. St. Suite 2001
Detroit, Michigan 48226

Dated: August 13, 2024

## CERTIFICATE OF SERVICE

I certify that on August 13, 2024, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification to all counsel of record via email.

*s/Ann Nee*
ANN NEE
Assistant United States Attorney